IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AKER SOLUTIONS, INC., | § | CIVIL ACTION NO. _____ |
| *Plaintiff*, | § | |
| vs. | § | JUDGE _____ |
| SHAMROCK ENERGY SOLUTIONS, LLC; and SAMURAI INTERNATIONAL PETROLEUM, LLC, | § | |
| *Defendants.* | § | MAGISTRATE JUDGE _____ |

**COMPLAINT OF AKER SOLUTIONS, INC.**

NOW INTO COURT, through undersigned counsel, comes Aker Solutions, Inc. ("Aker"), who asserts this Complaint against the Defendants, Shamrock Energy Solutions, LLC d/b/a Shamrock Energy Solutions ("Shamrock") and Samurai International Petroleum, LLC ("SIPCO") and respectfully represents as follows:

**I.**

**PARTIES**

1. Plaintiff, Aker is a corporation organized under the laws of the State of Delaware, with its principal place of business being Houston, Texas.

2. Defendant, Shamrock is a corporation organized under the laws of the State of Louisiana, with its principal place of business being Houma, Louisiana.

3. Defendant, SIPCO is a corporation organized under the laws of the State of Louisiana, with its principal place of business being Houma, Louisiana.

## II.

## JURISDICTION

4. This Honorable Court has diversity jurisdiction over the above styled proceeding under 28 U.S.C. § 1332 because complete diversity exists and the matter in controversy exceeds the sum of $75,000.

## III.

## VENUE

5. Venue is proper in this Honorable Court under 28 U.S.C. § 1391(1) and (2) because both of the defendants reside in this judicial district and a substantial part of the events giving rise to Aker's claims occurred within this judicial district.

## IV.

## FACTUAL GROUNDS FOR LIABILITY & DAMAGES REQUESTED

**A. The Relationship Between Shamrock and SIPCO**

6. Shamrock was incorporated in Louisiana on February 13, 2012. *See* Ex. "A."

7. Shamrock is an oil field service provider that offers oil and gas contract labor, as well as mechanical, electrical, valve, wellhead and other services related to the oil and gas industry.

8. Mr. Jeff Trahan has been the President and CEO of Shamrock (and its predecessor entities) since 2008. *See* Ex. "B." Corporate documents filed with the Louisiana Secretary of State also reveal that Mr. Trahan is currently the sole Member and Manager of Shamrock. *See* Ex. "A."

9. However, at the beginning of 2013, Shamrock wanted to expand further into the oil and gas exploration and production business. At that point in time, SIPCO was incorporated on February 4, 2013. *See* Ex. "C."

10. Mr. Trahan also acts as the sole Member of SIPCO.  *See* Ex. "D," Unanimous Written Consent of Members of SIPCO.

11. Shamrock and SIPCO share an identical ownership structure, as well as common officers and directors.  For example, Mr. Trahan is the sole Member of both Shamrock and SIPCO.  Furthermore, Rene Breaux, III is the Vice President of Finance for both Shamrock and SIPCO.  *See* Ex. "E," Letter from Mr. Breaux to Aker, dated May 11, 2015, and compare to Ex. "B."

12. Shamrock and SIPCO share a unified administrative control.

13. Shamrock and SIPCO share an office at 4800 Hwy. 311, Houma, Louisiana, 70301.

14. Upon information and belief, SIPCO has no independent employees.  Shamrock and SIPCO shared common employees.

15. Services are rendered by Shamrock employees on behalf of SIPCO.

16. For example, Richard Sharp, Shamrock's Director of Project Management, also negotiated with Aker regarding other projects purportedly on behalf of SIPCO.  *See* Ex. "F," *in globo*, E-mail from R. Sharp to Aker, dated July 8, 2014; and E-mail from R. Sharp to Aker, dated December 8, 2014.

17. Furthermore, Shamrock lawyers were also reviewing potential SIPCO transactions and contracts.  *See Id*.

18. "Employees," including Mr. Trahan, purportedly acting on behalf of SIPCO use Shamrock e-mail addresses.  *See* Ex. "F;" *see also* Ex. "G," E-mails to/from Shamrock/SIPCO and Aker, dated Oct. 27 – Dec. 20, 2015.

19. SIPCO used the property of Shamrock as its own, and vice-vera.

**B. Aker's Contract With SIPCO**

20. On September 14, 2014, Aker and SIPCO executed a Master Service Contract ("MSC") that would govern the provision of certain services, goods, equipment and/or facilities by Aker to SIPCO.  *See* Ex. "H," MSC.

21. On September 29, 2014, Aker and SIPCO executed Work Order – 2014-016-TRD ("Work Order") under the MSC.  *See* Ex. "I."  In connection with this Work Order, Aker was to perform early-phase field development engineering for the Trident Field, offshore in the Gulf of Mexico.

22. Aker performed this engineering work and submitted four invoices to SIPCO.  They are:
    - Invoice No. 9170230043, dated November 10, 2014, in the amount of $478,829.89;
    - Invoice No.917023670, dated December 12, 2014, in the amount of 554,928.70;
    - Invoice No. 917023846, dated January 20, 2015, in the amount of $351,417.48; and
    - Invoice No. 917024077, dated March 20, 2015, in the amount of $394,968.12.

    *See* Ex. "J," *in globo*.

23. These invoices total $1,780,144.19.  However, Aker has not been paid one dollar for any of the work it performed.

24. Yet, neither of the Defendants have ever disputed these Aker invoices.  In fact, right up until Aker was forced to initiate this proceeding, Mr. Trahan, the sole Member and Manager of both Shamrock and SIPCO, *from his Shamrock e-mail address*, had been promising Aker that these SIPCO invoices would be paid.  *See, e.g.*, Ex. "G," E-mails to/from Mr. Trahan and Aker, dated Oct. 27 – Dec. 20, 2015; *see also* Ex. "E," Letter from Mr. Breaux to Aker, dated May 11, 2015.

25. In fact, Mr. Trahan had promised to pay $500,000 of the outstanding balance by the end of 2015.  *See* Ex. "G."  However, neither that payment nor any other payment was ever made to Aker.

26. As explained in greater detail below, the Defendants are jointly and severally liable for the payment of these invoices totaling, $1,780,144.19.

## V.

## CAUSES OF ACTION

### A. Breach of Contract

27. Aker adopts and incorporates by reference the allegations set for in ¶¶ 1 – 26 herein.

28. Here, there was undoubtedly a contract between Aker and SIPCO – the MSC.

29. Aker performed all of its obligations under the MSC.

30. However, SIPCO, at the direction of Mr. Trahan and Shamrock, breached the MSC by wholly failing to pay Aker any of the $1,780,144.19 owed.

31. Aker has sustained damages.

32. The Defendants are jointly and severally liable for the payment of these invoices totaling, $1,780,144.19

33. All conditions precedent to Aker asserting this claim have been satisfied.

### B. The Defendants are Jointly and Severally Responsible For the Payments Owed to Aker

#### i. *Shamrock and SIPCO are a Single Business Enterprise*

34. Aker adopts and incorporates by reference the allegations set for in ¶¶ 1 – 33 herein.

35. At all pertinent times, Shamrock and SIPCO have been operated as a single business enterprise.

36. Shamrock and SIPCO are affiliated companies.

37. SIPCO is an instrumentality of Shamrock.

38. Shamrock and SIPCO comprise a single corporation that has been fragmented into branches that have been separately incorporated.

39. Shamrock, through Mr. Trahan, is the controlling parent company that manages SIPCO and is responsible for SIPCO's failure to pay Aker.

40. SIPCO did not institute or comply with appropriate corporate formalities.

41. Shamrock has either drastically under-capitalized SIPCO or improperly siphoned cash from SIPCO.

42. Accordingly, Shamrock and SIPCO are jointly and severally liable to Aker in the amount of $1,780,144.19.

### ii. *Shamrock is the Alter-ego of SIPCO*

43. Aker adopts and incorporates by reference the allegations set for in ¶¶ 1 – 42 herein.

44. Shamrock exercised dominion and control over SIPCO throughout the negotiation and execution of the MSC, as well as the performance of Aker's work.

45. Shamrock treated SIPCO as an extension of itself.

46. Shamrock controlled the decisions of SIPCO.

47. Shamrock made the decision to either drastically under-capitalized SIPCO or improperly siphon cash from SIPCO.

48. Shamrock has used, and continues to use, the corporate form to defraud the creditors of SIPCO.

49. Accordingly, Shamrock and SIPCO are jointly and severally liable to Aker in the amount of $1,780,144.19.

50. For all the foregoing reasons, Aker asserts a claim for damages against the Defendants, jointly and severally, for the payment of Aker's invoices, and requests a judgment disregarding the separate corporate existence of Shamrock and SIPCO and further authorizing Aker to examine the assets of each entity under the single business enterprise theory.

WHEREFORE, Aker prays that this Honorable Court issue a Judgment requiring Shamrock and SIPCO, jointly and severally, to pay Aker the full value of its claim, in the amount of $1,780,144.19, as well as pre- and post-judgment interest, attorneys' fees and any other amounts Aker may be entitled to as a matter of law and/or equity.

Respectfully submitted,

BLAND & PARTNERS, P.L.L.C.


  */s/ David S. Bland*
DAVID S. BLAND
LA Bar No. 1257
909 Poydras Street, Suite 1860
New Orleans, Louisiana 70112
Telephone:  (504) 528-3088
Facsimile:  (504) 586-3419
dbland@blandpartners.com

-AND-

BRIAN J. COMARDA
LA Bar No. 28540
1717 St. James Place, Suite 360
Houston, Texas 77056
Telephone: (713) 627-7100
Facsimile: (713) 627-7148
bcomarda@blandpartners.com

Attorneys for Plaintiff, Aker Solutions, Inc.