UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AKER SOLUTIONS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-2560** |
| **SHAMROCK ENERGY SOLUTIONS, LLC ET AL** | **SECTION: "H"(4)** |

### ORDER & REASONS

Before the Court are three related Motions to Dismiss: Defendant Shamrock Energy Solutions, LLC's ("Shamrock") Motion to Dismiss (Doc. 12), Defendant Shamrock's Motion to Dismiss First Amended Complaint (Doc. 36), and Defendant Jeffrey Trahan's Motion to Dismiss First Amended Complaint (Doc. 37). For the following reasons, Shamrock's Motions are **GRANTED IN PART** and **DENIED IN PART** and Trahan's Motion is **DENIED**.

### BACKGROUND

This is a breach of contract action. Pursuant to a September 14, 2014 Master Service Contract, ("MSC"), Plaintiff Aker Solutions, Inc. ("Aker") provided Defendant Samurai International Petroleum, LLC ("SIPCO") with early-phase field development engineering for offshore oil work at the Trident

1

Field in the Gulf of Mexico. Aker submitted four invoices to SIPCO totaling $1,780,144.19. It contends that none of these invoices were paid, prompting the instant lawsuit. In its Complaint and First Amended Complaint, Aker alleges that SIPCO and Shamrock are a single business enterprise rendering Shamrock liable on the contract. Aker also alleges that SIPCO is the alter ego of both Shamrock and Trahan, rendering them liable on the contract.

Defendant Shamrock filed a Motion to Dismiss on May 13, 2016 arguing that the factual allegations of the Complaint support neither its alter ego nor its single business enterprise claims against Shamrock. In addition to opposing this Motion, Aker responded by filing a First Amended Complaint, which asserts new factual allegations relative to this issue and added the alter ego allegations against Trahan. Shamrock responded with a second Motion to Dismiss, arguing that the factual allegations relative to single business enterprise and alter ego remain insufficient. Following the First Amended Complain, Trahan filed a Motion to Dismiss seeking dismissal of the alter ego claims against him.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).
[2] *Id.*

2

all reasonable inferences in the plaintiff's favor."[3]  The Court need not, however, accept as true legal conclusions couched as factual allegations.[4]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[6]  Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[7]

## LAW AND ANALYSIS

As noted above, Shamrock seeks dismissal of the single business enterprise and alter ego claims against it, while Trahan seeks dismissal of the alter ego claims against him.  The Court will separately address the single business enterprise and alter ego claims.

**I. Single Business Enterprise**

Shamrock avers that the allegations of the Complaint and the First Amended Complaint are insufficient to support a single business enterprise cause of action against it.  Generally speaking, "[c]orporations function as distinct legal entities, separate from the individuals who own them, and their shareholders are not generally liable for the debts of the corporation."[8] If, however, a group of affiliated corporations constitutes a single business enterprise, "a court may disregard the concept of corporate separateness and extend liability to each of the affiliated corporations for the purpose of

---

[3] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[4] *Iqbal*, 556 U.S. at 667.
[5] *Id.*
[6] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).
[7] *Lormand*, 565 F.3d at 255–57.
[8] *Hollowell v. Orleans Regional Hosp. LLC*, 217 F.3d 379, 385 (5th Cir. 2000).

3

preventing fraud or achieving equity."[9] "This exception, called the 'single business entity,' occurs when a corporation is found to be the 'alter ego, agent, tool or instrumentality of another corporation.'"[10] Louisiana appellate courts have identified 18 factors to be used in analyzing whether two entities constitute a single business enterprise:

> 1. corporations with identity or substantial identity of ownership, that is, ownership of sufficient stock to give actual working control;
> 2. common directors or officers;
> 3. unified administrative control of corporations whose business functions are similar or supplementary;
> 4. directors and officers of one corporation act independently in the interest of that corporation;
> 5. corporation financing another corporation;
> 6. inadequate capitalization ("thin incorporation");
> 7. corporation causing the incorporation of another affiliated corporation;
> 8. corporation paying the salaries and other expenses or losses of another corporation;
> 9. receiving no business other than that given to it by its affiliated corporations;
> 10. corporation using the property of another corporation as its own;
> 11. noncompliance with corporate formalities;
> 12. common employees;
> 13. services rendered by the employees of one corporation on behalf of another corporation;
> 14. common offices;
> 15. centralized accounting;
> 16. undocumented transfers of funds between corporations;
> 17. unclear allocation of profits and losses between corporations; and

---

[9] *In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 335 (5th Cir. 2007) (collecting cases) (internal quotation marks omitted).

[10] *Dishon v. Ponthie*, 918 So. 2d 1132, 1135 (La. App. 3 Cir. 2005), *writ denied*, 927 So. 2d 317 (La. 2006) (quoting *Green v. Champion Insurance Co.*, 577 So.2d 249 (La. App. 1 Cir.), *writ denied*, 580 So. 2d 668 (La.1991)).

4

      18. excessive fragmentation of a single enterprise into separate corporations.[11]

In utilizing this list, Louisiana courts have cautioned that this list of factors is "illustrative and is not intended as an exhaustive list of relevant factors."[12] Furthermore, "[n]o one factor is dispositive of the issue of 'single business enterprise."[13]

      Shamrock argues that Aker fails to plead most of the above elements and that it does not provide factual support for its claims. The Court has reviewed Aker's Complaint and First Amended Complaint and disagrees. The above-referenced list of factors is illustrative—a plaintiff need not plead facts to support all 18 factors. Shamrock would have the Court subject Aker's complaint to a stringent review that is not appropriate on a 12(b)(6) motion to dismiss. At this stage in the proceedings, Aker need only assert facts that, if accepted as true, raise the reasonable hope or expectation that discovery would reveal relevant evidence of each element of a claim.[14] Aker has alleged that Trahan is the sole member of both Shamrock and SIPCO, and that he exercises administrative control over both companies. It further alleges that the two companies share the same Houma and Houston offices and that they share common employees. Aker alleges that the circumstances surrounding the transactions at issue, whereby Shamrock employees acted on behalf of SIPCO in negotiating the contract, supports its contention that SIPCO and Shamrock represent the fragmentation of a single enterprise. The Court finds that these allegations are sufficient to support a single business enterprise claim at this

---

[11] *Green v. Champion Ins. Co.*, 577 So. 2d 249, 257–58 (La.. App. 1 Cir. 1991), writ denied, 580 So. 2d 668 (La. 1991); *see also Lee v. Clinical Research Center of Fla.,* 889 So. 2d 317, 322 (La App. 4 Cir. 2004).
[12] *Green*, 577 So. 2d at 258.
[13] *Id.*
[14] *Lormand*, 565 F.3d at 258.

stage; accordingly, Aker's motion is denied with respect to the single business enterprise claims against Shamrock.

## II. Alter Ego Claims

Aker also alleges that SIPCO is the alter ego of both Shamrock and Trahan. Both Defendants argue that Aker's alter ego claims should be dismissed as unsupported by sufficient factual allegations. As a general rule, corporations are distinct legal entities separate from the individuals who comprise them, and shareholder are not liable for corporate debts.[15] In limited circumstances, however, a court may ignore the corporate fiction and hold individual shareholders liable where the corporation is found to simply be the alter ego of the shareholder.[16] To prove alter ego liability, a plaintiff must "prov[e] that the shareholders disregarded the corporate entity to such an extent that it ceased to become distinguishable from themselves."[17] The Louisiana Supreme Court has delineated several factors relevant to an alter ego analysis:

> Some of the factors courts consider when determining whether to apply the alter ego doctrine include, but are not limited to: 1) commingling of corporate and shareholder funds; 2) failure to follow statutory formalities for incorporating and transacting corporate affairs; 3) undercapitalization; 4) failure to provide separate bank accounts and bookkeeping records; and 5) failure to hold regular shareholder and director meetings.[18]

In light of these standards, the Court will separately analyze the sufficiency of the alter ego allegations against Shamrock and Trahan.

---

[15] *Riggins v. Dixie Shoring Co.*, 590 So. 2d 1164, 1167 (La. 1991).
[16] *Id.*
[17] *Id.*
[18] *Id.*

6

**A. Shamrock**

Shamrock argues that the alter ego claims against it should be dismissed because Aker has not alleged that Shamrock was a shareholder of SIPCO. This Court agrees. The alter ego doctrine may only be applied to officers, directors, or shareholders of a corporation.[19] Without the allegation of such a legal relationship between SIPCO and Shamrock, Aker's alter ego claims against Shamrock are insufficient as a matter of law and must be dismissed.

**B. Trahan**

Trahan also argues that the alter ego claims against him are insufficient and should be dismissed. Unlike the alter ego claims against Shamrock, Aker has alleged that Trahan is the President, CEO, and sole member of SIPCO. Trahan contends, however, that Aker's First Amended Complaint is deficient because it only alleges one element of an alter ego claim: undercapitalization. Aker responds, arguing that it has raised sufficient allegations against Trahan to warrant discovery, pointing to its allegations that he is SIPCO's sole member and failed to properly capitalize it. It further alleges that Trahan treated SIPCO as an extension of himself, controlling its decisions and improperly siphoning cash from it. On examination of the First Amended Complaint, the Court finds that, viewed in the light most favorable to the Plaintiff, these allegations are sufficient to indicate that discovery may uncover sufficient evidence that Trahan treated SIPCO as his alter ego. Accordingly, Trahan's Motion is denied.

---

[19] *Andretti Sports Mktg. Louisiana, LLC v. Nola Motorsports Host Comm., Inc.*, 147 F. Supp. 3d 537, 563 (E.D. La. 2015); Riggins v. Dixie Shoring Co., 577 So. 2d 1060, 1065 (La. App. 4 Cir. 1991), *reversed on other grounds,* 590 So. 2d 1164 (La. 1991).

## CONCLUSION

For the forgoing reasons, Defendant Shamrock Energy Solutions, LLC's ("Shamrock") Motion to Dismiss (Doc. 12) and Motion to Dismiss First Amended Complaint (Doc. 36) are **GRANTED IN PART** and **DENIED IN PART**, and Defendant Jeffrey Trahan's Motion to Dismiss First Amended Complaint (Doc. 37) is **DENIED**. All claims other than Aker's alter ego claims against Shamrock survive.

New Orleans, Louisiana this 30th day of August, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**