UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AKER SOLUTIONS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO:    16-02560** |
| **SHAMROCK ENERGY SOLUTIONS, LLC ET AL** | **SECTION: "H" (4)** |

## ORDER

Before the Court is a **Motion for Leave to File Seconded Amended Complaint (R. Doc 72)** filed by the Plaintiff, Aker Solutions, LLC seeking to add a new defendant, Shamrock Management, LLC d/b/a Shamrock Energy Solutions. No opposition was filed. The motion was submitted on November 15, 2017.

### I.    Background

This is a diversity action based on a breach of contract. R. Doc. 1. The Plaintiff, Aker Solutions, Inc. ("Aker") alleges that on September 14, 2014, a contract was executed between Aker and Defendant Samurai International Petroleum, LLC ("SIPCO"). R. Doc. 24, p. 4. Aker performed early-phase field development engineering for offshore oil work at the Trident Field in the Gulf of Mexico for SIPCO. *Id.* Aker submitted four invoices to SIPCO totaling $1,780,144.19. Aker alleges that none of these invoices have been paid, prompting Aker to file the instant lawsuit. *Id.* Aker contends that Defendant Shamrock Energy Solutions, LLC and SIPCO are actually a single business enterprise, which renders Shamrock Energy Solutions, LLC liable on the contract. *Id.* at p. 6.

Aker alleges that Trahan is the sole member of both SIPCO and Shamrock Energy Solutions, and that Shamrock Energy Solutions and SIPCO share an identical ownership structure and unified administrative control. *Id.* at p. 3. Aker further alleges that both entities share common officers and director, including the same Vice President for Finance. *Id.* Next, Aker contends that

Shamrock Energy Solutions and SIPCO share offices in Houma, Louisiana and Houston, Texas. *Id.* The allegations by Aker also contend that the two entities shared common employees and that Shamrock Energy Solutions Employees rendered services on behalf of SIPCO—such as a Shamrock Energy Solutions hiring a geologist who was assigned to SIPCO and Shamrock Energy Solutions lawyers reviewing SIPCO contracts. *Id.* at p. 3, 4. Aker also states the employees acting on behalf of SIPCO used Shamrock Energy Solutions e-mail addresses. *Id.* at p. 4. In addition, Aker alleges that SIPCO used the property of Shamrock Energy Solutions and that Shamrock Energy financed SIPCO, SIPCO was capitalized with an investment of only $5,000 and received no additional capital or revenue, but entered into a contract totaling $1,780,144.19, and there was centralized accounting between SIPCO and Shamrock Energy. *Id.* at p. 7. Finally, Aker alleges that Trahan promised that SIPCO invoices would be paid from a Shamrock Energy e-mail address. *Id.* at p. 5.

Plaintiff Aker filed a Motion for Leave to File a Second Amended Complaint on October 24, 2017. R. Doc. 72. Aker seeks to add a new defendant to the case, Shamrock Management, LLC d/b/a Shamrock Energy Solutions. *Id.* Aker sent twenty-eight (28) requests for production to Shamrock Energy Solutions, LLC. Request for Production ("RFP") No. 28 asked Shamrock Energy to produce a list of all employees from February 12, 2012 to the present. R. Doc. 72-2, p. 15. In the response to RFP No. 28 it states, "Objection—overbroad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, disproportionate and beyond the scope of permissible discovery as to **Shamrock Management**. As to Shamrock Energy, none." *Id.* (Court's emphasis). According to Aker, it was upon receipt of this response that Aker became aware of an additional Shamrock entity that was not one of the currently named defendants in the case. This response to Aker was served on July 5, 2017. According to Aker it

was at this point that it began looking into the other entities set up by Trahan using the Shamrock name. R. Doc. 72-24, p. 2.

According to Aker and the records provided to the Court, Shamrock Management, LLC has the same domicile and mailing address as Shamrock Energy Solutions, LLC, Trahan is the registered agent and officer for both LLCs, and Shamrock Management, LLC has the trade name of Shamrock Energy Solutions. R. Doc. 72-1. Further, on the trade name details page provided to the Court by Aker from the State of Louisiana Secretary of State website, Shamrock Management is listed as "Oil & Gas Contract Labor and Construction."

Aker contends that Trahan is operating two entities using the identical name of "Shamrock Energy Solutions" and at this point in the instant litigation it is unclear which entity is the correct defendant, or if both are correct defendants, under Aker's single business enterprise allegation. According to Aker, the addition of Shamrock Management, LLC d/b/a Shamrock Energy Solutions as a defendant is required so that Aker can "seek recourse against all parties responsible for the damages it has suffered." R. Doc. 72-24, p. 3.

## II.     Standard of Review

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.* In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.' " *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)). When denying a motion to amend, the court must have a "substantial reason" considering such factors as " 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... and futility of the amendment.' " *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994). An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id.* (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003)).

"[T]he Fifth Circuit [has] clarified that when, as here, a scheduling order has been issued by the district court, Rule 16(b) governs amendment of pleadings." *Royal Ins. Co. of America v. Schubert Marine Sales*, 02–0916, 2003 WL 21664701, at *2 (E.D. La. July 11, 2003) (Englehardt, J.) (citing *S & W Enterprises, L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535–36 (5th Cir. 2003)). Rule 16(b) limits changes in the deadlines set by a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To determine if good cause exists as to untimely motions to amend pleadings, the Court should consider: "(1) the movant's explanation for its failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure that prejudice." *Schubert Marine Sales*, 2003 WL 21664701, at *2 (citing *S & W Enterprises*, 315 F.3d at 536). If the movant can show good cause, the Court will then apply the liberal standards of Rule 15(a). *S&W Enterprises*, 315 F.3d at 536.

### III. <u>Analysis</u>

As an initial matter, the District Court issued a scheduling order in this case on September 5, 2017. R. Doc. 69. According to that order, the time for amending pleadings has passed. Because the motion to amend was filed past the scheduling ordered deadline this Court is required to apply Rule 16(b) and its good cause requirements to Aker's instant motion.

#### A. Rule 16(b)

When a scheduling order has been issued by a district court Rule 16(b) requires good cause for the amendment of pleadings. *See Schubert Marine Sales*, 2003 WL 21664701, at *2. In determining whether good cause exists the court considers the movants explanation for the failure to amend in a timely fashion, the importance of the amendment, the potential prejudice of the amendment, and the availability of a continuance to cure that prejudice. *Id*. After considering the factors this Court finds that good cause exists for the amendment of the complaint to add Shamrock Management, LLC d/b/a Shamrock Energy Solutions ("Shamrock Management") as a defendant.

First, Aker's explanation for its failure to amend in a timely fashion is that it was unaware that Shamrock Management existed until it received responses to its RFPs from Shamrock Energy Solutions. R. Doc. 72-24. Aker sent a request for production to Shamrock Energy Solutions asking for a full and complete list of all employees who were employed by Shamrock Energy Solutions from February 13, 2012 until the present. Shamrock Energy Solutions' response contained an objection to this "as to Shamrock Management. As to Shamrock Energy, none." R. Doc. 72-2, p. 15. The certificate of service shows that the discovery responses were served on July 5, 2017. The earliest, therefore, it appears Aker could have been aware of Shamrock Management as a defendant was on July 5, 2017. However, this in and of itself is not enough to know what Shamrock Management is. Aker claims that the receipt of the discovery response led it to inquire into the

relationship between Shamrock Management, Shamrock Energy, and Trahan. Aker, in its motion, memoranda, and attached exhibits, provides documentation that they took further steps to determine what Shamrock Management was, how it related to the currently named defendants, and whether it could be a proper defendant.

The Court, therefore, finds that the delay in this case and the failure to timely amend is reasonable. While Aker may have first seen the name Shamrock Management in early July, there is no indication that they delayed their investigation into that entity to determine whether it was a proper defendant and its relationship to the named defendants. The Court finds that the explanation for the failure to timely amend is reasonable in light of the circumstances of the case as well as the allegations against the defendants and as such Aker has satisfied the first prong of the Rule 16(b) analysis.

Second, the amendment is of significant importance. Aker's argument is that SIPCO, Shamrock Energy Solutions, and Shamrock Management are actually a single business enterprise that was established to avoid liability. While generally corporations are distinct legal entities, if a group of affiliated corporations operate as a single business enterprise, "a court may disregard the concept of corporate separateness and extend liability to each of the affiliated corporations for the purpose of preventing fraud or achieving equity." *In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 335 (5th Cir. 2007) (internal quotations omitted).

Under Louisiana law, when determining whether a group of entities constitute a single business enterprise courts will look to a number of factors including:

1. Corporations with identity of substantial identity of ownership, that is, ownership of sufficient stock to give actual working control;
2. Common directors or officers;
3. Unified administrative control of corporations whose business functions are similar or supplementary;

    4. Directors and officers of one corporation act independently in the interest of that corporation;
    5. Corporation financing another corporation;
    6. Inadequate capitalization ("thin incorporation");
    7. Corporation causing the incorporation of another affiliated corporation;
    8. Corporation paying the salaries and other expenses or losses of another corporation;
    9. Receiving no business other than that given to it by its affiliated corporations;
    10. Corporation using the property of another corporation as its own;
    11. Noncompliance with corporate formalities;
    12. Common employees;
    13. Services rendered by the employees of one corporation on behalf of another corporation;
    14. Common offices;
    15. Centralized accounting;
    16. Undocumented transfers of funds between corporations;
    17. Unclear allocation of profits and losses between corporations;
    18. Excessive fragmentation of a single enterprise into separate corporations.[1]

The single business enterprise theory and its relation to the defendants in this case is important for determining who is liable and where relief can be found. The addition of Shamrock Management is important because Akers is alleging that the defendants in this case established these numerous corporations to avoid contractual liability. Properly identifying the corporations involved and the characteristics of these corporations will be essential as to whether entities are operating as a single business enterprise.

    Third, the prejudice in allowing the amendment to add the Shamrock Management defendant is minimal. Aker has provided documentation attached to its motion that Shamrock Management's registered agent and officer is Trahan. R. Doc. 72-9, p. 3. Therefore, Shamrock Management would have been aware of the presence of this suit and potential liability long before this motion for leave to amend was filed because it's registered agent and officer is both a named defendant in the instant litigation and the registered agent, officer, and sole member of the other currently named defendant. In addition, no opposition was filed indicating why the addition of

---

[1] *Green v. Champion Ins. Co.*, 577 So. 2d 249, 257-58 (La. App. 1 Cir. Mar. 5, 1991).

Shamrock Management would be prejudicial. Further, the discovery deadline in this case has been set for March 20, 2018. R. Doc. 69. There are nearly four months between now and the discovery deadline in this case and there is no indication that there is not enough time to adequately meet that deadline and be prepared for trial on June 11, 2018. Based on the deadlines in this case, the Court finds that a continuance in this case is not needed because there is little if any prejudice, the defendants have not asserted that they would be prejudiced, and there is still enough time in the case for all parties to meet the discovery deadline. Therefore, applying the Rule 16(b) factors good cause has been shown by Aker to amend to the complaint to add Shamrock Management, LLC d/b/a Shamrock Energy Solutions as a defendant.

### B. Rule 15(a)

The Court finds that the Rule 15(a) factors have also been met. The interests of justice requires the filing of this amendment. There is no suggestion that the claim is frivolous and the single business enterprise cause of action has already survived a 12(b)(6) motion in this case. There is no suggestion that there is an improper motive for the amendment and there is no substantial reason for denying this motion. As a result, Rule 15(a) is satisfied as to the amendment of the complaint to add Shamrock Management, LLC d/b/a Shamrock Energy Solutions as a defendant.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion for Leave to File Second Amended Complaint (R. Doc. 72)** is **GRANTED.**

**IT IS FURTHER ORDERED** that the clerk of court shall file into the record the Second Amended Complaint.

New Orleans, Louisiana, this 11th day of December 2017.

_____
**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**